**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1608-19

CLIFFORD GRAF,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

Submitted March 22, 2021 – Decided May 13, 2021

Before Judges Sabatino and Currier.

On appeal from the New Jersey State Parole Board.

Clifford Graf, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

     Appellant Clifford Graf appeals from the final administrative decision of the New Jersey State Parole Board (Board), denying parole and setting a thirty-six-month future eligibility term (FET). We affirm.

In 1986, appellant was convicted by a jury of two counts of murder and other offenses and sentenced to a term of life imprisonment with a minimum parole ineligibility period of thirty-two years. While incarcerated, appellant committed twenty-five disciplinary infractions, including one "asterisk" (most serious) infraction. Appellant's most recent infraction occurred in October 2009.

Appellant first became eligible for parole in 2017. In April 2017, the Board denied parole and set a thirty-six-month FET.

After appellant became eligible for parole for the second time in 2019, a hearing officer referred his case to a two-member Board panel for a hearing. On February 22, 2019, the panel conducted a hearing and referred the matter to the Board for parole consideration. However, several days later, a member of the panel recused himself after he recalled being involved in the investigation of appellant's criminal case while he was employed by the State police. Therefore, the Board vacated the February 2019 decision and recommendation and scheduled a new hearing.

Appellant's new hearing took place on March 15, 2019 before a two-member panel. The panel denied parole and established a thirty-six-month FET. Its denial was based on: (1) the facts and circumstances of appellant's offense, specifically the commission of murder; (2) his extensive prior offense record;

A-1608-19

(3) his repetitive offense record; (4) his criminal record becoming increasingly more serious in nature; (5) his commitment to incarceration for multiple offenses; (6) his prior opportunities on community supervision had failed to deter criminal behavior; (7) his prior incarcerations did not deter criminal behavior; (8) his institutional infractions that were numerous, persistent, serious in nature, and resulted in loss of commutation time and administrative segregation; (9) his insufficient problem resolution, specifically a lack of insight into his criminal behavior; and (10) an objective risk assessment evaluation indicating he had a moderate risk of recidivism.

The two-member panel also found several mitigating factors: (1) appellant completed all opportunities on community supervision without violations; (2) his participation in programs specific to his behavior; (3) his participation in institutional programs; (4) his institutional reports reflected favorable institutional adjustment; (5) he had achieved/maintained minimum custody status; (6) he had commutation time restored; and (7) his letters of support and accomplished academic degrees.

Thereafter, appellant appealed the panel's decision to the full Board. The Board issued a final agency decision on November 13, 2019 affirming the panel's denial of parole and imposition of a thirty-six-month FET. The Board

A-1608-19

rejected appellant's arguments and found the panel's decision was "based upon a determination that a preponderance of the evidence indicate[d] that there [was] a substantial likelihood that [appellant] would commit a crime if released on parole at [that] time."

On appeal, appellant argues that the Board acted arbitrarily and violated his right to procedural due process by vacating the panel's February 2019 decision after a member of the panel improperly recused himself. We disagree.

Our standard of review of administrative decisions by the Board is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd. (Trantino II), 166 N.J. 113, 200 (2001). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 10 (1979)). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid. (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)).

Consequently, this court "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on

4

sufficient credible evidence in the whole record." Id. at 172 (internal quotation marks omitted) (quoting Trantino v. N.J. State Parole Bd. (Trantino I), 154 N.J. 19, 24 (1998)).

Because appellant committed the offenses for which he is incarcerated in 1985, his parole eligibility is governed by N.J.S.A. 30:4-123.53(a), which states that an inmate shall be released on parole unless "by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the laws of the State of New Jersey if released on parole." N.J.S.A. 30:4-123.53(a), L. 1979, c. 441, § 9; N.J.A.C. 10A:71-3.10(a); see Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 194 (App. Div. 2019) (explaining that "[p]arole for a conviction imposed on offenses committed before August 18, 1997, 'is governed by the standard[s] in N.J.S.A. 30:4-123.53(a) and 30:4-123.56(c) prior to the amendment of those statutes on that date.'") (quoting Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000)). The State has the burden to meet the standard. Trantino II, 166 N.J. at 197.

In its determination of parole eligibility, the Board must consider the aggregate of all pertinent factors, including twenty-four enumerated, non-exhaustive factors. N.J.A.C. 10A:71-3.11(a) to (b). We are satisfied the Board

properly reviewed the relevant evidence and statutory factors in considering and denying appellant parole. The Board also considered several mitigating factors.

In considering the FET, when a panel denies parole to an inmate serving a sentence for murder, the standard FET is twenty-seven months. N.J.A.C. 10A:71-3.21(a)(1). However, the FET "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). Here, the panel increased the standard FET by nine months. In doing so, the panel considered the nature and circumstances of appellant's offense, his institutional adjustment, and his insufficient problem resolution.

The Board's findings are neither arbitrary nor unreasonable, but rather are supported by credible evidence. The Board has authority to make the assessment as to the expectation that an inmate will commit a crime if released on parole. The Board's decision to deny parole and set a thirty-six-month FET is supported by sufficient credible evidence in the record and consistent with the applicable law.

We discern no merit in appellant's argument that he was denied his due process rights by the panel member's recusal or the Board's subsequent decision

to vacate the panel's 2019 decision. As an initial matter, it was proper for the panel member to recuse himself given the requirement in Section IX of the New Jersey Uniform Ethics Code that a state employee is "required to recuse him/herself on an official matter if he/she had any involvement in that matter, other than on behalf of the State, prior to commencement of his/her State service." Because the panel member had been involved in investigating appellant in 1985, it was appropriate for him to recuse himself. Once the original panel member was disqualified, the Board was required to vacate the panel's decision, assign a new Board member and reconvene the panel. See N.J.A.C. 10A:71-1.5(e). Accordingly, the Board appropriately applied its discretion in vacating the panel's February 2019 decision.

To the extent we have not addressed all of appellant's contentions, we find they lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1608-19